UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:10-cv-00026 |
| ) | |
| JODY S. BALL, individually, and doing ) | |
| business as Jody Ball Accounting, and THE ) | |
| TAX LADY, INC., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

The United States of America seeks a permanent injunction against Jody S. Ball ("Ball"), individually, and doing business as Jody Ball Accounting and The Tax Lady, Inc. (collectively, "Defendants"), permanently barring them from further acting as federal tax return preparers.

The Defendants, who are professional tax return preparers, improperly reduce their customers' reported tax liabilities by, *inter alia*, claiming false and exaggerated business deductions, improper filing statuses, false earned income tax credits, and other tax credits to which their customers are not entitled.

**Jurisdiction and Venue**

1. This action has been requested by the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to the provisions of I.R.C. (26 U.S.C.) §§ 7402, 7407 and 7408.

2. Jurisdiction is conferred on this Court by Sections 1340 and 1345 of Title 28, United

States Code, and I.R.C. §§ 7402(a), 7407, and 7408.

3. This is a civil action brought by the United States under I.R.C. §§ 7402(a), 7407, and 7408 to enjoin Defendants, and anyone in active concert or participation with them, from:

    a. further acting as federal tax return preparers;

    b. assisting in the preparation of federal tax returns that they know or should know will result in the understatement of any tax liability or the overstatement of a federal tax refund;

    c. organizing or selling plans, or arrangements that advise or encourage taxpayers to attempt to evade the assessment or collection of their correct federal tax;

    d. understating taxpayers' liabilities as prohibited by I.R.C. § 6694;

    e. failing to comply with the due diligence requirements for claiming earned income tax credits under I.R.C. § 6695(g);

    f. preparing and/or filing federal tax returns and other documents as prohibited by I.R.C. § 6701;

    g. engaging in any other activity subject to penalty under I.R.C. §§ 6694, 6695, 6700, or 6701;

    h. engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws and from promoting any false tax scheme; and

    i. representing anyone before the IRS.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because all or a substantial portion of the activities occurred within this district, and all Defendants reside within this district.

## Defendants

5. Ball prepares federal tax returns and other tax-related forms for compensation. She resides in Bryson City, North Carolina.

6. Ball operates and is president of The Tax Lady, Inc., a tax preparation business

incorporated in North Carolina with a registered office address in Bryson City, North Carolina. The Tax Lady, Inc. has been an active corporation since 2006 and is current in its annual report submissions to the North Carolina Secretary of State, most recently filed in March 2010. Ball also does business as Jody Ball Accounting.

7. Ball has been preparing federal tax returns for others for over 20 years. She was trained to prepare tax returns by H&R Block in 1985.

**The Facts**

*Prior Penalties Against Ball for Preparing Improper
2001, 2002, and 2003 Tax Returns*

8. In 2004, after auditing returns Ball prepared for clients for 2001, 2002, and 2003, the IRS determined that 53 of the 77 returns selected for examination (*i.e.*, over 70%) understated her customers' tax liabilities. As a result, the IRS assessed penalties against Jody Ball Accounting for "[u]nderstatement of tax due to unrealistic positions" and "[u]nderstatement of tax due to willful or reckless conduct."

9. In addition to "incorrect record keeping, by preparer, for individuals," factors supporting the conclusion that Ball was responsible for "willful or reckless conduct" and took "unrealistic positions" on tax returns she prepared for 2001, 2002, and 2003 include, *inter alia*, personal expenses deducted as business expenses, unsubstantiated business expenses "with little or no discussion with [her clients]," false deductions as business expenses for use of personal vehicles, deductions for "business use of vehicle[s] not discussed with [clients]," overstated rental expenses, incorrect filing statuses, claims for unallowable earned income credits, and "excess charges for representation by preparer."

10. Ball appealed the IRS' findings and penalties. The Appeals Office concluded that

"certainly reckless or careless behavior resulted in the majority of understatements" identified in the 2001-2003 returns prepared by Ball.

11. Ball agreed to a settlement with reduced penalties before the Appeals Office, which noted that "[t]he settlement is also thought to have the desired affect [*sic*] on the preparer's actions by increasing her awareness of her accountability as well as her investigatory and record keeping responsibilities in regards to the returns she prepares."

*Fraudulent Returns Prepared by Ball for*<br>*2006, 2007, and 2008*

12. Despite prior penalties and the findings by the Appeals Office, Ball prepared 2006, 2007, and 2008 tax returns for clients that understate their tax liabilities by including, *inter alia*, personal expenses improperly deducted as business expenses, unsubstantiated business expenses deducted with little or no consultation with clients, improper charitable deductions, incorrect and inconsistent filing statuses, claims for unallowable earned income credits, claims for non-qualifying dependent exemptions, and improper claims for non-existent losses.

13. Ball prepared over 1,600 returns between 2006 and 2008. The IRS audited a total sample of 144 returns prepared by Ball for the 2006-2008 tax years. The IRS determined that over 80% of these returns understate her clients' tax liabilities, resulting in an average deficiency exceeding $3,500 per return. Applied to the universe of tax returns prepared by Ball for 2006, 2007, and 2008, a conservative estimate of the harm caused to the United States exceeds $4.5 million during that time period.

14. Ball also falsified her own 2006, 2007, and 2008 federal tax returns by claiming false business deductions and failing to report income.

*Examples*

15. Ball falsely claims improper travel-related costs as deductible business expenses on returns she prepares for clients, typically with little or no substantiation and/or no consultation with her clients. Examples include:

   a. <u>Timothy and Patricia Fisher</u>: Ball prepared 2006 and 2007 federal income tax returns for Timothy and Patricia Fisher, a married couple residing in Bryson City, North Carolina. In addition to claiming a false labor expense deduction and an improper dependent exemption, Ball fabricated deductions for "car and truck" expenses for $13,884 and $12,763 on the Fishers' 2006 and 2007 tax returns, respectively. During the IRS audits, however, the Fishers explained that they had never discussed car and truck expenses with Ball. At the conclusion of the IRS audit, the Fishers agreed with the IRS's adjustments to their tax returns; and

   b. <u>Timothy and Laura Scott</u>: Ball prepared 2006 and 2007 federal income tax returns for Timothy and Laura Scott, a married couple residing in Bryson City, North Carolina. Returns prepared by Ball claim deductions for mileage purportedly incurred by Timothy Scott for business travel, as well as business entertainment costs. Timothy Scott, a stone mason, confirmed during IRS audits that he rarely worked beyond commuting distance from his home, denied overnight travel for work, and provided no basis for business entertainment expenses claimed on his returns. The Scotts' 2006 and 2007 returns resulted in tax deficiencies exceeding $7,300.

16. In addition to claiming improper business expense deductions for unsubstantiated business travel, Ball prepares returns that improperly include other non-qualifying business expense deductions and false understatements of income from businesses owned by her clients. Examples include:

   a. <u>Denise Kelley</u>: Ball prepared 2006 and 2008 federal income tax returns for Denise Kelley, an individual residing in Asheville, North Carolina. Kelley, a psychoanalyst, worked from her home. Returns prepared by Ball for Kelley improperly claim business deductions for, *inter alia*, meals and entertainment expenses, clothing, automobile expenses, and loss of income resulting from clients who missed appointments. During her audit, Kelley explained that she offered to give Ball receipts detailing her business expenses, but Ball declined to review them. Ball also improperly claimed business travel deductions and business losses on Kelley's 2006 tax return; and

b. <u>Roger and Donna Roland</u>: Ball prepared 2006, 2007, and 2008 federal income tax returns for Roger and Donna Roland, a married couple who resided and owned a diner in Cherokee, North Carolina during that period. Ball received the diner's business ledgers each month and, in exchange for monthly fees, was responsible for the diner's accounting. She also prepared tax returns for the Rolands that improperly reduced their tax liability by, *inter alia*, mis-characterizing income to Roger Roland as business expenses and claiming non-qualifying business expense deductions, such as losses from spoilage of food. In the case of the food spoilage deduction, although the IRS determined that Ball did not intend to claim an improper deduction in this instance, the agent conducting the audit concluded that when preparing the Rolands' tax return, Ball did not conceptually understand how to properly account for the loss and that it could not be claimed as a business expense.

17. Ball files inconsistent individual tax returns for married couples which result in improper reduction of tax liability, including, *inter alia*, improper deductions and claims for earned income tax credits to ineligible taxpayers. Examples include:

a. <u>Boris and Kimberly Holder</u>: Ball prepared 2006 and 2007 federal income tax returns for Boris and Kimberly Holder, a married couple residing in Bryson City, North Carolina. Ball, however, prepared separate returns for the Holders (using the same address) improperly claiming Head of Household filing status for Kimberly Holder and Single filing status for Boris Holder. In addition to numerous unsubstantiated claims for business expense deductions on the returns, Ball improperly claimed earned income tax credits on Kimberly Holder's returns. The earned income tax credit is unavailable to married couples who, like the Holders, file separately. During the IRS audits, Kimberly Holder explained that Ball knew the Holders were married; and

b. <u>Charles and Donna Brooks</u>: Ball prepared 2007 federal income tax returns for Charles and Donna Brooks, a married couple residing in Franklin, North Carolina. Ball prepared separate returns for the Brookses, improperly claiming all of their itemized deductions on Donna Brooks' return, and claiming the standard deduction on Charles Brooks' return, which is prohibited by 26 U.S.C. § 63(c)(6): "In the case of . . . a married individual filing a separate return where either spouse itemizes deductions . . . the standard deduction shall be zero."

18. Ball claims individuals as dependents on client tax returns that fail to qualify for the exemption. For example, Ball prepared 2006, 2007, and 2008 federal income tax returns for Dale

Smith, an individual residing in Sylva, North Carolina. Ball incorrectly advised Smith that he could file as head of household on his tax returns and that his girlfriend, who Smith provided for and lived with during the relevant tax years, qualified as a dependent on Smith's returns.

19. Based on advice provided by Ball, her clients have asserted improper claims for purported charitable contributions on tax returns prepared by Ball. Examples include:

    a. <u>Noah and Ruby Teague</u>: Ball prepared 2007 and 2008 federal income tax returns for Noah and Ruby Teague, a married couple residing in Kernersville, North Carolina. Ball falsely advised the Teagues that cash gifts to individuals were deductible as charitable contributions and prepared a 2007 tax return which claimed such cash payments, including to relatives of the Teagues, as charitable contributions. Improper charitable deductions, in addition to other improper claims and errors on the Teagues' 2007 and 2008 tax returns, resulted in a $5,200 tax deficiency; and

    b. <u>Karen Arvey</u>: Ball prepared a 2007 federal income tax return for Karen Arvey, an individual residing in Bryson City, North Carolina. According to Arvey, Ball erroneously informed her that she could claim donated services, in this instance free haircuts, as charitable deductions on her tax return. The return prepared by Ball claimed a $1,000 deduction for the haircuts, in addition other false entries, including a purported capital loss on a real estate transaction that, as of 2007, had not been completed.

**Harm Caused by Defendants**

20. Ball's customers have been harmed because they paid Ball fees to prepare and file proper tax returns on their behalf. Many customers now face large income tax deficiencies and may be liable for sizeable penalties and interest.

21. The United States is harmed because the IRS must continually devote limited resources to detecting and examining inaccurate returns filed by Ball in an attempt to assess and collect unpaid taxes.

22. The amount of tax loss resulting from Ball's improper tax preparation activities is incalculable, but in any event, likely exceeds $4.5 million dollars for 2006, 2007, and 2008 alone.

-7-

Case 2:10-cv-00026-MR-DLH   Document 1   Filed 10/14/10   Page 7 of 13

23. Despite agreeing to penalties for substantially similar misconduct involving Ball's preparation of 2001, 2002, and 2003 tax returns, Ball repeated the same offenses in well over 100 tax returns prepared for 2006, 2007, and 2008. The Tax Lady, Inc. remains an active corporation under North Carolina law, with Ball filing a mandatory annual report for the corporation as recently as March 2010. Unless enjoined by this Court, Ball will likely continue to prepare and file tax returns that improperly reduce her customers' tax liabilities.

### Count I
### Injunction under I.R.C. § 7407

24. The United States incorporates by reference the allegations in paragraphs 1 through 23.

25. I.R.C. § 7407 authorizes a district court to enjoin a federal tax return preparer from, *inter alia*:

   a. engaging in conduct subject to penalty under I.R.C. § 6694;

   b. engaging in conduct subject to penalty under I.R.C. § 6695; and

   c. engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws,

if the court finds that the preparer has engaged in such conduct and that injunctive relief is appropriate to prevent the recurrence of the conduct. Additionally, if the court finds that a preparer has continually or repeatedly engaged in such conduct, and the court finds that a narrower injunction (*i.e.,* prohibiting only that specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of the internal revenue laws, the court may enjoin the person from further acting as a federal tax return preparer entirely.

26. Defendants have continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694 by willfully and knowingly preparing federal tax returns for customers that improperly understate customers' tax liabilities based on unreasonable, frivolous, and reckless positions, as

detailed above.

27. Defendants have continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6695 by failing to comply with the due diligence requirements for claiming earned income tax credits.

28. Defendants have continually and repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the federal tax laws.

29. Defendants' repeated violations of I.R.C. §§ 6694 and 6695 fall within I.R.C. § 7407(b)(1)(A) and (D), and thus are subject to an injunction under I.R.C. § 7407.

30. If Defendants are not enjoined, they are likely to continue filing false and fraudulent federal tax returns and engaging in additional fraudulent conduct.

31. Defendants' continual and repeated conduct subject to an injunction under I.R.C. § 7407, detailed above, shows that a narrow injunction prohibiting only specific conduct would be insufficient to prevent their interference with the proper administration of the internal revenue laws. Thus, Defendants should be permanently barred from acting as federal tax return preparers.

### Count II
### Injunction under I.R.C. § 7408

32. The United States incorporates by reference the allegations in paragraphs 1 through 31.

33. Sections 7408(a) and (c) of the Internal Revenue Code authorize a district court to enjoin any person from engaging in conduct subject to penalty under either I.R.C. §§ 6700 or 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.

34. Section 6701(a) of the Internal Revenue Code penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document, knowing (or having a reason to believe) that it will be used in connection

-9-

Case 2:10-cv-00026-MR-DLH   Document 1   Filed 10/14/10   Page 9 of 13

with any material matter arising under the internal revenue laws, and knowing that if it is so used it will result in an understatement of another person's tax liability.

35. By claiming improper deductions, tax credits, and filing statuses, Defendants knowingly and willfully prepared false federal income tax returns for customers, and knew the false returns would understate their customers' correct tax liabilities. This conduct, therefore, is subject to penalty under I.R.C. § 6701.

36. If the Court does not enjoin Defendants, they are likely to continue to engage in conduct subject to penalty under I.R.C. § 6701. Injunctive relief is therefore appropriate under I.R.C. § 7408.

**Count III**
**Injunction Under I.R.C. § 7402(a)**
**Necessary to Enforce the Internal Revenue Laws**

37. The United States incorporates by reference the allegations of paragraphs 1 through 36.

38. Section 7402, I.R.C., authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

39. Defendants have engaged in conduct that substantially interferes with the enforcement of the internal revenue laws. Defendants have intentionally claimed false business deductions, improper filing statuses, false earned income tax credits, and other credits to which their customers are not entitled.

40. Unless enjoined, Defendants are likely to continue to engage in this improper conduct. If Defendants are not enjoined from preparing returns for others, the United States will suffer irreparable injury by failing to receive accurate tax payments from Ball's customers, and erroneously providing federal income tax refunds to customers not entitled to receive them.

41. Permanently enjoining Defendants is in the public interest because an injunction, backed by the Court's contempt powers, if needed, will stop their illegal conduct and the harm they have

-10-

Case 2:10-cv-00026-MR-DLH   Document 1   Filed 10/14/10   Page 10 of 13

already caused the United States.

    42. The Court should impose injunctive relief under 26 U.S.C. § 7402(a).

WHEREFORE, the United States prays for the following:

A. That the Court find that Defendants have continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, and have continually and repeatedly engaged in other fraudulent and deceptive conduct that substantially interferes with the administration of the tax laws, and that a narrower injunction prohibiting only this specific conduct would be insufficient;

B. That the Court find that Defendants have engaged in conduct subject to penalty under I.R.C. § 6701, and that injunctive relief under I.R.C. § 7408 is appropriate to prevent a recurrence of that conduct;

C. That the Court find that Defendants have engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and I.R.C. § 7402(a);

D. That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting Defendants, and all those in active concert or participation with them, from:

    1. further acting as federal tax return preparers;

    2. assisting in the preparation of federal tax returns that they know or should know will result in the understatement of any tax liability or the overstatement of a federal tax refund;

    3. organizing or selling abusive tax shelters, plans, or arrangements that advise or encourage taxpayers to attempt to evade the assessment or collection of their correct federal tax;

    4. understating taxpayers' liabilities as prohibited by I.R.C. § 6694;

    5. failing to comply with the due diligence requirements for claiming earned income

tax credits under I.R.C. § 6695(g);

6       preparing and/or filing federal tax returns and other documents as prohibited by I.R.C. § 6701;

7.      engaging in any other activity subject to penalty under I.R.C. §§ 6694, 6695, 6700, or 6701;

8.      engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws and from promoting any false tax scheme; and

9.      representing anyone before the IRS.

E.  That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an injunction requiring Defendants, within 30 days of entry of the injunction, to contact by United States mail and, if an e-mail address is known, by e-mail, all persons for whom they prepared a federal tax return or tax-related document since January 1, 2007, enclosing a copy of the executed injunction against them, and file with the Court, within 45 days of the injunction order, a sworn certificate stating that they have complied with this requirement;

F.  That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an injunction requiring Defendants to produce to counsel for the United States within 30 days of the injunction order a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s), all persons for whom Defendants have prepared federal tax returns or claims for refund since January 1, 2007;

G.  That the Court retain jurisdiction over Defendants and over this action to enforce any permanent injunction entered against Defendants;

H.  That the United States be entitled to conduct discovery to monitor Defendants' compliance with the terms of any permanent injunction entered against them; and

I.  That this Court grant the United States such other and further relief, including costs, as is

just and equitable.

                                                Respectfully submitted,

                                                ANNE M. TOMPKINS
                                                United States Attorney

                                                */s/ Russell J. Edelstein*
                                                RUSSELL J. EDELSTEIN
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 7238
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Telephone: (202) 616-2704
                                                Facsimile: (202) 514-6770
                                                russell.j.edelstein@usdoj.gov

                                                Attorneys for Plaintiff,
                                                United States of America

DATED: October 14, 2010